IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLEN HOFER,

                                    Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                    Defendant.

OPINION AND ORDER

13-cv-503-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Allen Hofer is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge who decided the case concluded that plaintiff suffered from the severe impairments of spina bifida, degenerative disk disease, bilateral knee osteoarthritis, obesity and asthma, but he retained the residual functional capacity to perform his past work as a customer service representative, as well as work as an automatic machine operator and surveillance system monitor. Plaintiff contends that the administrative law judge did not account for the effect that his obesity has on his ability to function, failed to give proper weight to his reports of pain and fatigue and erred in not considering the fact that his past employment as a customer service representative was part time and seasonal. Because I find that any error that the administrative law judge may have made in reaching his conclusions was harmless,

I am denying plaintiff's motion for summary judgment and affirming the administrative law judge's decision.

OPINION

A. Obesity

Plaintiff contends that the administrative law judge failed to consider evidence that his obesity decreased his energy, made him fatigued and exacerbated his back and knee pain. Plaintiff correctly notes that an administrative law judge "must factor in obesity when determining the aggregate impact of an applicant's impairments." Arnett v. Astrue, 676 F.3d 586, 593 (7th Cir. 2012) (citing Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011); Clifford v. Apfel, 227 F.3d 863, 873 (7th Cir. 2000)). Social Security Ruling 02-1p requires an administrative law judge to consider the effects of obesity together with other underlying impairments even if the individual does not claim obesity as an impairment. Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006). See also 20 C.F.R. § 416.945(a) (adjudicator must consider all evidence and explain decision).

In his written opinion, the administrative law judge discussed the importance of considering obesity and its potential effects on "the severity or functional limitation of other impairments" and then noted that plaintiff must support any claimed effects on his functioning with evidence in the record. AR 16-17. However, without further explanation, the administrative law judge stated that "[w]hen evaluating the claimant's obesity as a severe impairment, I have given consideration to all the foregoing factors during the sequential

2

evaluation at Steps 3, 4, and 5 as well as Social Security Ruling 02-1p (which replaces Social Security Ruling 00-3p).  AR 17.  As plaintiff notes, the administrative law judge did not discuss any medical evidence related to plaintiff's obesity or indicate whether he thought plaintiff's obesity resulted in any specific limitations.  Although the administrative law judge erred in not discussing these issues, the Court of Appeals for the Seventh Circuit has held that the error is harmless if the administrative law judge "indirectly took obesity into account by adopting limitations suggested by physicians who were aware of or discussed claimant's] obesity."  Arnett, 676 F.3d at 593 (citing Prochaska, 454 F.3d at 736-37; Skarbek v. Barnhart, 390 F.3d 500, 504. (7th Cir. 2004)).

In this case, the administrative law judge gave great weight to the September 6, 2011 residual functional capacity assessment of state agency physician Dr. Pat Chan, who specifically stated that he considered plaintiff's obesity and its combined effects on other impairments in limiting plaintiff to sedentary work with occasional postural limitations and limited exposure to heights and dangerous machinery.  AR 21, 429.  The administrative law judge adopted these limitations and further limited plaintiff to avoiding even moderate exposure to irritants.  AR 18.  Although plaintiff disagrees with the administrative law judge's findings, he has not shown that his obesity caused any additional limitations. Prochaska, 454 F.3d at 736-37 (no error where claimant failed to specify how obesity further impaired his ability to work); Skarbek, 390 F.3d at 504 (refusing to remand where plaintiff did not "specify how his obesity further impaired his ability to work, but speculates merely

3

that his weight makes it more difficult to stand and walk."). Accordingly, any error the administrative law judge made in failing to discuss plaintiff's obesity was harmless.

## B. Pain and Fatigue

Plaintiff generally contends that the administrative law judge improperly discredited his self-reports of pain and fatigue and failed to include as limitations frequent, unscheduled breaks necessitated by pain and his need for a cane. Although plaintiff cites several pages of his medical records that purportedly show his struggles with fatigue and insomnia and the waxing and waning nature of his pain, he does not discuss any of the medical evidence or explain how it proves that his pain caused him additional functional limitations. Dkt. #11 at 10. This is not helpful. By failing to develop any coherent argument on this issue, plaintiff has waived it. Puffer v. Allstate Insurance Co., 675 F.3d 709, 711 (7th Cir. 2012) (undeveloped arguments are waived).

In any event, the medical records discussing plaintiff's pain and fatigue are based on plaintiff's own self-reports, which the administrative law judge found not entirely credible for several reasons:

- Although plaintiff testified that he stopped working at a motor parts supplier in November of 2008 because he could no longer lift the parts, AR 55, he stated in an earlier disability report that he had been laid off from that position, AR 201, and in a function report he stated that he had never lost a job because of his medical condition, AR 220.

- Medical records from January 24, 2012 indicate that plaintiff started a woodworking business "a couple of years ago" because he could not get a job. Plaintiff told his provider that he spent a lot of time in his garage woodshop, knew

- Amish woodworking techniques and enjoyed building custom-sized furniture. AR 498-99.

- Veterans Administration records dated January 17, 2012 describe plaintiff as "unemployed" and not "disabled." AR 502.

- The daily activities that plaintiff described in his May 16, 2011 function report (including driving his son to school, watching television, preparing lunch, caring for a cat, washing dishes, shopping, doing laundry and performing some household maintenance) reveal an individual capable of performing light exertion with some postural limitations.

- Although plaintiff alleged constant pain that interrupted his sleep, March 23, 2011 medical records indicate that he was not using his pain medications (Vicodin and Etodolac) and that he was sleeping well. AR 316.

- Although plaintiff testified on May 31, 2012 that he has had to use a cane for two and a half years, he did not bring a cane to a disability review on April 8, 2011 and exhibited no observable problems sitting, standing or walking, AR 210; in May 2011, plaintiff brought a cane to his examination when he was trying to increase his disability rating, AR 376-78; over the course of her treatment of plaintiff, plaintiff's physical therapist only occasionally recorded that plaintiff used a cane but noted that he enjoyed tai chi and yoga.

- Although plaintiff testified that his spina bifuda had worsened over the past 12 years and that he loses almost all feeling in his legs if he sits for more than two hours, his medical records do not identify such deterioration.

AR 18-21.

Plaintiff does not dispute the majority of these reasons and only conclusorily states that the administrative law judge should not have focused on his cane use, failed to consider his multiple attempts at relieving pain (such as exercises, relaxation and pain management training and medication) and equated his ability to perform limited daily activities with the ability to perform substantial gainful activity. Because plaintiff has failed to develop any argument with respect to these challenges, I will consider them to be waived. Strong v.

Wisconsin, 544 F. Supp. 2d 748, 754 (citing Pruitt v. City of Chicago, 472 F.3d 925, 930 (7th Cir. 2006) (party forfeited arguments by "devot[ing] only a sentence or two to each")). However, even if plaintiff had properly raised these issues, they appear to have little merit.

Contrary to plaintiff's assertion, the administrative law judge specifically noted that plaintiff employed a variety of measures to reduce his pain, including a pain patch, heat applications, tai chi and a TENS unit. The administrative law judge also was entitled to consider plaintiff's daily activities in making his credibility determination. Moss v. Astrue, 555 F.3d 556, 562 (7th Cir. 2009). However, as plaintiff seems to imply, the Court of Appeals for the Seventh Circuit has cautioned "that a person's ability to perform daily activities, especially if that can be done only with significant limitations, does not necessarily translate into an ability to work full-time." Roddy v. Astrue, 705 F.3d 631, 639 (7th Cir. 2013). In this case, the administrative law judge's discussion of plaintiff's daily activities was not helpful because he summarily concluded that plaintiff's ability to do some household chores "reveal[ed] an individual capable of performing light exertion with some postural limitations." AR 19. Nevertheless, this does not make the credibility finding "patently wrong."

In addition to noting plaintiff's household chores, the administrative law judge pointed out that plaintiff had operated a woodworking business for several years, an activity which is not consistent with the extensive limitations plaintiff alleged. The administrative law judge also identified several other reasons for finding plaintiff not credible, including the discrepancies in his use of a cane and the inconsistencies between the medical record and his

6

alleged symptoms. Although plaintiff complains that the administrative law judge focused too heavily on his inconsistent use of a cane, he fails to explain why the administrative law judge was not entitled to draw a negative inference about plaintiff's credibility from that fact. As a result, plaintiff has not shown that the administrative law judge failed to provide a sufficient basis for his adverse credibility determination.

### C. Past Work

Plaintiff contends that the administrative law judge erred in concluding at step four of the five-step sequential evaluation process, 20 C.F.R. § 404.1520(f), that plaintiff was not disabled because he was capable of performing his past work as a customer service representative. As plaintiff explains, in order to be considered "past relevant work," a previous job must rise to the level of "substantial gainful activity." Lauer v. Bowen, 818 F.2d 636, 639 (7th Cir. 1987) (citing Social Security Ruling 82-62). Because plaintiff's work as a customer service representative was seasonal and part time, AR 56, it does not qualify as substantial gainful activity. Lauer, 818 F.3d at 639. However, any error committed by the administrative law judge at step four was harmless because he proceeded to step five of the sequential analysis and considered other positions that plaintiff could perform.

Relying on the testimony of the vocational expert, the administrative law judge found that plaintiff had the residual functional capacity to perform work as an automatic machine operator and surveillance systems operator. AR 22-23. Because plaintiff has not challenged those findings, substantial evidence supports the administrative law judge's conclusion that

plaintiff was not disabled. Accordingly, I conclude that plaintiff has failed to show that the administrative law judge erred in deciding his case.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 4th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge